IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 5:11-CR-00090-20 |
| | ) | |
| SHAWN A. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT SHAWN A. ANDERSON'S SENTENCING MEMORANDUM</u>**

COMES NOW Defendant Shawn A. Anderson, by undersigned counsel, respectfully submitting to this Honorable Court his memorandum of points and authorities in support of his sentencing position. Mr. Anderson respectfully requests that this Honorable Court impose a variance sentence below the bottom end of the advisory guideline range, pursuant to the factors set forth in 18 U.S.C. § 3553(a). In support of this request, Mr. Anderson states as follows:

**I.   BACKGROUND**

On June 1, 2011, Shawn Anderson entered a guilty plea before this Court to one count of distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). The statutory maximum sentence of imprisonment that Mr. Anderson can receive for this offense is five years. In the pre-sentence report, the probation officer correctly calculated Mr. Anderson's total offense level to be 18 and his criminal history category to be I. The corresponding guideline range was correctly calculated as being 27 to 33 months imprisonment. The Government has filed a sentencing memorandum requesting that this Court impose a within guideline sentence. Defendant, through this memorandum, respectfully requests that this Court impose a variance sentence below the bottom end of the advisory guideline range.

1

**II.     THIS COURT SHOULD GRANT A VARIANCE SENTENCE BASED UPON THE SECTION 3553(a) FACTORS**

18 U.S.C. § 3553(a) mandates that a court "impose a sentence sufficient, but not greater than necessary, to comply with the" sentencing goals described in subparagraph 2 of this section. In imposing a sentence that is "sufficient, but not greater than necessary," the court should look to the seven statutory factors listed under Section 3553. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed -
>
>> (A) to reflect the seriousness of the offense, to promote the respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
>> (4) the kinds of sentences and the sentencing range established [by the Sentencing Guidelines];...
>
> (5) any pertinent policy statement [issued by the Sentencing Commission];...
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;....

18 U.S.C. § 3553(a).

Post *Booker v. United States*, a court should follow the following sentencing procedure in calculating the appropriate sentence:

> A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.... The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they

> deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guideline range is reasonable. He must take an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.

*Gall v. United States*, 128 S.Ct. 586, 596-97 (2007) (citations omitted).

A. **History and Characteristics of Mr. Anderson**

Mr. Anderson suggests to this Court that his history and characteristics favor the imposition of a variance sentence below 27 months imprisonment.

Particularly, Mr. Anderson requests that this Court when imposing the sentence, not only consider the effect of the sentence upon Mr. Anderson but also the effect of his incarceration upon his family. More than anything, Mr. Anderson regrets his behavior that led to the instant conviction, not because of the effect that such behavior has on him, but rather the effect that his behavior has had on his family. More than anything else, Mr. Anderson prides himself on being a good father and a devoted and caring family man. Mr. Anderson understands and regrets that his behavior not only sets a bad example for his children, but also will potentially lead to him being separated from his children during his imprisonment.

Because of his troubled relationship with his own father, Mr. Anderson decided at an early age that he would always remain closely involved in his own children's lives. Mr. Anderson had the worst type of father while growing up– a father who was mostly absentee and who was verbally and physically abusive when he was in his son's life. Based upon his own experience with his father, Mr. Anderson vowed that he would not repeat his father's mistakes,

3

but would instead be an involved, caring parent.

 Mr. Anderson has four children.  His 19 year old daughter, Shanece Anderson, attends Wesleyan College in Buckhannon.  Mr. Anderson has been an integral part in her life by making sure that she went to school and received a good education.  Mr. Anderson also has two children, Tionna Downie and Trelonnie Anderson, who live in Springfield, Massachussets with their mother Tyra Downie.  Tionna is 17 years old and Trelonnie is 16 years old.  Tionna, like her half sister, is also planning to attend college.  Mr. Anderson also has a ten-year old son with Cynthia Donald.  Cynthia Donald reports that Mr. Anderson has been a great father to their son.  Because Cynthia Donald goes to work at 6:00 a.m., Mr. Anderson had been responsible for getting his son up in the morning, feeding him breakfast, dressing him for school and getting him on the school bus.  Mr. Anderson has been an attentive and caring father to all of his children.  He has been involved in their lives, provided them with support, and has impressed upon them the importance of education.  As a result of his fathering, his children are clearly on a path to living successful lives.  Mr. Anderson cannot express enough remorse for the possibility that his behavior in the instant offense may deprive his children of their father being involved in the upcoming important milestones in their lives, including their graduations from high school and college.

 Furthermore, Mr. Anderson's fulfillment through teaching his own children has led Mr. Anderson to be actively involved in youth sports programs in the Beckley area.  During the past three years, Mr. Anderson has been involved with youth wrestling programs in the Beckley area.  He has acted as an assistance coach.  The parents of the children that are coached by Mr. Anderson, as well as the other coaches, would testify that Mr. Anderson has been caring and dedicated coach and an invaluable resource to the community.  *See*, *e.g.*, Attachment 1, Character

Letters, Letter from Tommy A. Williams.

Beyond being a good father, Mr. Anderson has also been a good nephew to his aunt Ella Schoolfield. Ms. Schoolfield suffers from congestive heart failure and Mr. Anderson takes care of her by doing such things as making sure that she gets correct medication and assisting with her household chores.

If Mr. Anderson is incarcerated for a lengthy period of time, Mr. Anderson's children will suffer by not having a father figure in their lives during their formative years, Mr. Anderson's extended family will suffer from being deprived of his assistance, and the community of Beckley will suffer by being deprived of a dedicated and caring youth sports coach.

Furthermore, since his arrest in this case, Mr. Anderson has taken substantial steps to get his life back on the right track. Since his arrest, Mr. Anderson has been working a tremendous amount of hours per day, seven days a week. He currently works at Delightfully Yours Café and Bakery as a food preparer during 5 days a week, and has received a glowing character letter from the cafe's owner, Donna S. Cook. *See* Attachment 1, Character Letters, Letter from Donna S. Cook. At the same time he works at East Coast Development as a laborer and at McDonalds as a cook. During his release pending this sentencing, Mr. Anderson has also been making strides to be a role model to his children by pursuing labor certification courses so that he would have the opportunity to have more fruitful employment in the future.

For these and other reasons to be presented at the sentencing hearing, Mr. Anderson suggests to this Court that the appropriate sentence in this case would be a variance sentence below the bottom end of the advisory guideline range.

Respectfully Submitted,

                SHAWN A. ANDERSON, DEFENDANT
                By Counsel

**/s/ Kevin D. Mills**
KEVIN D. MILLS
WV State Bar Number 2572
Mills & Associates, PLLC
1800 West King Street
Martinsburg, West Virginia 25401
(304) 262-9300
phoupt@wvacriminaldefense.com

**CERTIFICATE OF SERVICE**

I, Kevin D. Mills, hereby certify that this Sentencing Memorandum was filed, using the CM/ECF electronic filing system, with the Clerk for District Court for the Southern District of West Virginia on this 19th day of October, 2011 and that the ECF electronic filing system sent notification to AUSA Miller Bushong.

                **/s/ Kevin D. Mills**
                KEVIN D. MILLS